The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District 107 West Main Russellville, AR 72801
Dear Mr. Kennedy:
This is in response to Deputy Prosecuting Attorney James V. Coutts's request for an opinion regarding the Energy Conservation and Renewable Energy Resource Finance Act ("the Act"), which is codified at A.C.A. §§ 14-167-201 et seq. (1987). Mr. Coutts has asked whether this Act would be applicable to the development of a rural natural gas distribution system in Pope County. He states that it is his understanding that the quorum court intends to appoint a local engineering firm to conduct initial feasibility research, and he has also requested advice ". . . as to the applicability of this act to an appointment of an engineering firm and the issues which may be involved with that appointment."
A conclusive answer regarding the applicability of the Act to such a system will, I believe, require a factual determination. The Act declares that it is ". . . the public policy and responsibility of this state to encourage energy conservation and to promote the development and use of renewable energy resources. . . ." A.C.A. § 14-167-202(b). The Act authorizes the use of public financing for ". . . energy facilities which will reduce energy consumption or make use of renewable energy resources in residential, commercial, industrial, and agricultural application." A.C.A. § 14-167-202(c). The definitional section confirms this focus in defining "energy facilities" as:
 . . . any real property, personal property, or mixed property of any and every kind which, in residential, commercial, industrial, or agricultural applications:
 (A) Reduces the amount of energy required to perform desired tasks; or
 (B) Utilizes renewable energy resources to supply energy needs. . . .
A.C.A. § 14-167-203(1). See also § 14-167-203(2) regarding definition of "renewable energy resources."
The Act authorizes municipalities and counties to:
 . . . own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning or otherwise deal in, or dispose of, or make loans to finance the acquisition, construction, reconstruction, extension, equipment, or improvement of energy facilities.
A.C.A. § 14-167-205(a).
Subsection (b) of § 14-167-205 states that "[a]ny such undertaking will be referred to in this subchapter as an `energy project.'" And § 14-167-206(a) authorizes municipalities and counties to use ". . . any available revenues for the accomplishment of energy projects. . . ." Bonds may be issued ". . . in such principal amount as shall be sufficient to pay the cost of accomplishing the energy project involved. . . ." Id.
at subsection (b).
It must therefore be determined whether the "rural natural gas distribution system" in question falls within the Act's definition of "energy facilities," such that the county may "own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in, or dispose of, or make loans to finance" it under the Act. A.C.A. § 14-167-205(a). This will, I believe, involve a factual inquiry that cannot be undertaken in the context of an Attorney General opinion. If, in fact, the definition of "energy facilities" encompasses the proposed system, then the Act provides that it ". . . shall be the sole authority necessary to be complied with."
I am uncertain as to the exact focus of the second question concerning appointment of an engineering firm. The Act does not specifically address such matters as feasibility studies. An issue could perhaps arise with regard to the applicability of A.C.A. §§ 19-11-801—805 (Cum. Supp. 1991), which govern the procurement of professional services by the state and its political subdivisions. These Code sections prohibit the use of competitive bidding for, inter alia, professional engineering services, and they establish requirements and criteria for selecting qualified firms. As noted above, the Energy Conservation and Renewable Energy Resource Finance Act provides that it "shall be the sole authority necessary to be complied with," and that it "is to be liberally construed to accomplish [its] purposes. . . ." A.C.A. § 14-167-204. Section 14-167-205
sets forth the "energy project" authority of municipalities and counties, and this includes the authority to "own, acquire, construct, reconstruct, . . . contract concerning, or otherwise deal in . . . energy facilities."
One might question whether the above Code sections governing the procurement of engineering services apply when a city or county seeks to acquire, construct, reconstruct, extend or equip an "energy facility" under the Energy Conservation and Renewable Energy Resource Finance Act. While it is not entirely clear from a reading of the Act, it is my opinion that contracts for engineering services in connection with the acquisition, construction, reconstruction, etc., of an "energy facility" are in all likelihood not subject to the above-referenced general procurement statutes. This conclusion would appear to be consistent with the mandated liberal construction of §§14-167-201 et seq., and the directive that the latter Code sections "shall be the sole authority necessary to be complied with." A.C.A. § 14-167-204. See also generally Daniels v.City of Ft. Smith, 268 Ark. 157, 594 S.W.2d 238 (1980) (holding that cities involved in industrial revenue bond projects are not required, under language similar to § 14-167-204, to pay the prevailing wage otherwise applicable in the construction of public projects.)
I cannot, in the context of an opinion, undertake the review necessary in order to identify what other issues might arise in this regard. If, however, you are aware of a specific issue, I will of course address the matter in as timely a manner as possible upon receipt of the particular question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh